**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HEALTH ADVOCATES NETWORK, INC., d/b/a eHospitalHire, | Case No. |
| Plaintiff, | District Judge |
| vs. | Magistrate Judge |
| WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA HEALTH SYSTEM, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Health Advocates Network, Inc., d/b/a eHospitalHire ("Plaintiff" or "EHH"), by its attorneys, Greenberg Traurig, LLP, and for its Complaint against Defendant Waukegan Illinois Hospital Company, LLC, d/b/a Vista Health System ("Defendant" or "Vista"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Florida corporation with its principal place of business located at 1875 NW Corporate Blvd, Suite 120, Boca Raton, FL 33431. Thus, for purposes of determining diversity jurisdiction in this action, Plaintiff is a citizen of Florida.

2. Defendant is an Illinois limited liability company with its registered principal place of business at 505 N. Brand Blvd., Suite 1200 Glendale, CA 91203, and business operations at 1324 N. Sheridan Rd., Waukegan, IL 60085. The sole member of Vista is Waukegan Hospital Corporation, an Illinois corporation, with its registered principal place of business at 1324 N. Sheridan Rd., Waukegan, IL 60085. Thus, for purposes of determining diversity jurisdiction in this action, Defendant is a citizen of Illinois.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5. Plaintiff is a staffing agency and recruitment firm specializing in providing temporary and permanent workforce solutions to the healthcare industry.

6. Vista is a community medical provider located in Waukegan, Illinois, providing inpatient and outpatient services.

7. Plaintiff and Vista entered into a Provisional Solutions Agreement, dated as of September 22, 2023, as amended on July 30, 2024, October 9, 2024, and October 18, 2024 (collectively, the "PSA"). A true and accurate copy of the PSA is attached hereto as **Exhibit A.**

8. Pursuant to the PSA, Plaintiff agreed to recruit, qualify and supply to Vista healthcare professionals, including but not limited to, registered nurses, licensed practical nurses, as well as other non-clinical supplemental staff, and Vista agreed to pay Plaintiff fees at hourly rates for work performed by such healthcare professionals.

9. The PSA provides that "[i]n the event that any action, suit, or other legal or administrative proceeding is instituted or commenced by either party hereto against the other party arising out of or related to this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and court costs from the non-prevailing party. Ex. A, PSA, §15.

10. Defendant failed to timely pay Plaintiff amounts due for services performed under the PSA.

11. On or about June 30, 2025, Plaintiff and Defendant entered into a written Settlement

2

Agreement ("Settlement Agreement"). A true and accurate copy of the Settlement Agreement is attached hereto as **Exhibit B.**

12. In the Settlement Agreement, Vista acknowledged and agreed that (i) Vista was past due in paying amounts due to Plaintiff for services performed under the PSA, (ii) Vista owed Plaintiff the total principal amount of $2,407,701.44 (the "Past Due Amount") for invoices related to services performed under PSA through June 10, 2025 (the "Outstanding Invoices"); and (iii) Vista owed Plaintiff interest on the Past Due Amount in excess of $350,000 through June 10, 2025 (including accrued and accruing interest after June 10, 2025, collectively the "Accrued Interest"). Ex. B, Settlement Agreement at p. 1.

13. The Settlement Agreement provides:

> Acknowledgement of Past Due Amount, Accrued Interest and Related Fees and Expenses. Client hereby acknowledges and agrees that the Past Due Amount and Accrued Interest is due and owing to EHH with respect to the Outstanding Invoices. Client also hereby acknowledges and agrees that it is obligated to pay any fees and expenses, including, without limitation, attorneys' fees and expenses incurred to date by EHH with respect to collecting the Past Due Amount, Accrued Interest and negotiating this Agreement, such fees and expenses currently in excess of $50,000. The **"Aggregate Amount Due"** shall be the sum of the Past Due Amount, Accrued Interest, and any fees and expenses (including attorneys' fees and expenses) due in accordance with this Agreement and the PSA.

Ex. B, Settlement Agreement, § 1.

14. Pursuant to the Settlement Agreement, among others, Defendant agreed to pay Plaintiff "$2,600,000 (the **'Settlement Amount'**) in fifty-two (52) equal installments of $50,000 beginning on Friday, June 27, 2025 and continuing on each Friday thereafter (or, for any week in which Friday is not a business day, the last business day of such week) (each, a '**Weekly Paydown**') until the Settlement Amount has been paid in full." Ex. B, Settlement Agreement, § 2.

15. Defendant failed to make all of the Weekly Paydown payments required under the

Settlement Agreement.

16. Through the date of this Complaint, Defendant has only made the following payments under the Settlement Agreement, totaling $675,000:

| Date | Amount |
| --- | --- |
| 07/03/2025 | $50,000 |
| 07/11/2025 | $50,000 |
| 07/18/2025 | $50,000 |
| 07/28/2025 | $50,000 |
| 08/04/2025 | $50,000 |
| 08/11/2025 | $50,000 |
| 08/18/2025 | $50,000 |
| 08/25/2025 | $50,000 |
| 11/20/2025 | $50,000 |
| 01/07/2026 | $25,000 |
| 03/02/2026 | $150,000 |
| 04/28/2026 | $50,000 |

17. The Settlement Agreement provides that:

> To the extent that [Defendant] fails to timely pay a Weekly Paydown (a "Payment Default"), [Defendant] shall be in immediate default of this Agreement and, without the need for any written notice, [Defendant] shall be obligated to pay to [Plaintiff] the Aggregate Amount Due less any Weekly Paydowns and [Plaintiff] shall be entitled to enforce any and all rights and remedies hereunder, under the PSA and/or applicable law.

Ex B, Settlement Agreement, § 3.

18. Defendant failed to timely pay Weekly Paydowns, and as a result, Defendant is in

4

default of the Settlement Agreement.

19.     On February 20, 2026, Plaintiff, through counsel, sent a Notice of Breach and Demand for Payment ("Demand Letter") to Defendant. A true and accurate copy of the Demand Letter is attached hereto as **Exhibit C.**

20.     Defendant has not cured the default and remains in default under the Settlement Agreement and PSA.

**COUNT I**
**BREACH OF CONTRACT**

21.     Plaintiff incorporates into this cause of action each and every preceding paragraph of this Complaint as though set forth fully herein.

22.     The PSA constitutes a valid and enforceable contract.

23.     The Settlement Agreement constitutes a valid and enforceable contract

24.     Plaintiff has performed all of its obligations under the PSA and Settlement Agreement.

25.     Defendant has breached the PSA and Settlement Agreement by failing to make the required payments when due.

26.     As a result, Defendant is in immediate default of the Settlement Agreement and PSA, and is obligated to pay Plaintiff the Aggregate Amount Due less any Weekly Paydowns.

27.     As of June 29, 2026, the unpaid balance of the Settlement Amount, after the application of $675,000 in payments received as listed in paragraph 16 of this Complaint, is $1,925,000.00.

28.     The Settlement Agreement provides, in part, that Plaintiff shall be entitled to enforce any and all rights and remedies under the PSA. Ex B, Settlement Agreement, § 3.

29.     The PSA provides that Vista shall pay late charges on any unpaid balances after 15

5

days from the date of invoice at the rate of 1.5% per month or the maximum legal rate, whichever is less.

30. As of June 29, 2026, interest and/or late charges on unpaid balance under the Settlement Agreement is $316,245.21, and continues to accrue at the rate of $949.32 per diem.

31. In addition, Defendant is obligated to pay Plaintiff any fees and expenses, including, without limitation, attorneys' fees and expenses incurred by Plaintiff with respect to collecting the Past Due Amount, Accrued Interest and negotiating the Settlement Agreement, as well as reasonable attorneys' fees and court costs incurred by Plaintiff in this action.

32. As a direct and proximate result of Defendant's breach of the PSA and the Settlement Agreement, Plaintiff has suffered damages in the amount of $1,925,000, plus additional interest and/or late charges on the past due amount in the sum of $316,245.21 which continues to accrue at the per diem rate of $949.32, plus fees and expenses set forth in the preceding paragraph.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for entry of judgment in favor of Plaintiff and against Defendant in the amount of not less than $1,925,000, plus additional interest and/or late charges on the past due amount pursuant to the Settlement Agreement in the sum of $316,245.21, which continues to accrue at the per diem rate of $949.32, plus fees and expenses, including attorneys' fees and costs incurred by Plaintiff, and such other and further relief as the Court shall find just and proper.

Dated: June 29, 2026

Respectfully submitted,

**PLAINTIFF, HEALTH ADVOCATES NETWORK, INC., d/b/a eHospitalHire**

*/s/      Martin Kedziora*
Martin Kedziora (ARDC # 6300162)
Rachel Daniels (ARDC # 6348709)
GREENBERG TRAURIG, LLP
360 N. Green St., Suite 1300
Chicago, IL 60607
Tel: (312) 456-8400
kedzioram@gtlaw.com
rachel.daniels@gtlaw.com