# EXHIBIT

# B

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into on the 30th day of June, 2025 by and between Health Advocates Network, Inc. ("**EHH**") and Waukegan Illinois Hospital Company, LLC, d/b/a Vista Health System, an Illinois limited liability company ("**Client**"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the PSA (as defined below).

WHEREAS, EHH and Client are parties to a Provisional Solutions Agreement dated as of September 22, 2023, as amended on September 29, 2024, October 11, 2024 and October 18, 2024 (collectively, the "**PSA**") pursuant to which EHH provides healthcare professionals to Client;

WHEREAS, Client is past due in paying amounts due to EHH for services performed under the PSA;

WHEREAS, Client owes EHH the total principal amount of $2,407,701.44 (the "**Past Due Amount**") for invoices related to services performed through June 10, 2025 (the "**Outstanding Invoices**");

WHEREAS, Client owes EHH interest on the Past Due Amount in excess of $350,000 through June 10, 2025 (including accrued and accruing interest after June 10, 2025, collectively the "**Accrued Interest**");

WHEREAS, Client and EHH have reached an agreement regarding payment of the amounts due and owing by Client to EHH, as described herein;

NOW, THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.      Acknowledgement of Past Due Amount, Accrued Interest and Related Fees and Expenses. Client hereby acknowledges and agrees that the Past Due Amount and Accrued Interest is due and owing to EHH with respect to the Outstanding Invoices. Client also hereby acknowledges and agrees that it is obligated to pay any fees and expenses, including, without limitation, attorneys' fees and expenses incurred to date by EHH with respect to collecting the Past Due Amount, Accrued Interest and negotiating this Agreement, such fees and expenses currently in excess of $50,000. The "**Aggregate Amount Due**" shall be the sum of the Past Due Amount, Accrued Interest, and any fees and expenses (including attorneys' fees and expenses) due in accordance with this Agreement and the PSA.

2.      Payment Plan for Aggregate Amount Due. In full and final settlement of the Aggregate Amount Due, Client shall pay EHH $2,600,000 (the "**Settlement Amount**") in fifty-two (52) equal installments of $50,000 beginning on Friday, July 4, 2025 and continuing on each Friday thereafter (or, for any week in which Friday is not a business day, the last business day of such week) (each, a "**Weekly Paydown**") until the Settlement Amount has been paid in full. Every thirty (30) days after the date of this Agreement, Client agrees to meet with EHH and, in good faith, negotiate a possible increase in the amount of the Weekly Paydown. EHH shall have the right to apply the Weekly Paydowns against the Aggregate Amount Due in any manner, in its discretion.

3.     Default and Remedies. To the extent that Client fails to timely pay a Weekly Paydown (a **"Payment Default"**), Client shall be in immediate default of this Agreement and, without the need for any written notice, Client shall be obligated to pay to EHH the Aggregate Amount Due less any Weekly Paydowns and EHH shall be entitled to enforce any and all rights and remedies hereunder, under the PSA and/or under applicable law.

4.     Client Bankruptcy. In the event that any bankruptcy, insolvency or reorganization proceeding is commenced by or against Client within ninety one (91) days after payment or clearance of any of the Weekly Paydowns made hereunder and in the event Client or its estate pursues recovery of such Weekly Paydowns as an alleged avoidance action and is successful in recovering any of the Weekly Paydowns, (a) Client agrees and stipulates that EHH shall hold an allowed general unsecured claim against Client and/or its estate in the amount of the Aggregate Amount Due, less any Weekly Paydowns paid by Client to EHH in accordance with Paragraph 2 of this Agreement which are not returned, and (b) in such event, Paragraph 2 of this Agreement shall be deemed null and void and of no further force and effect, unless the parties otherwise agree. All other provisions of the Agreement shall survive and continue to be binding and effective.

5.     Release of EHH. Client, its subsidiaries, parent corporations and any other affiliates (collectively, the **"Client Releasors"**) hereby absolutely and unconditionally release and forever discharge EHH, its affiliates and each of their respective current and former members, shareholders, parent corporations, subsidiary entities, affiliated entities, insurers, indemnitors, predecessors, directors, officers, employees, agents, representatives, successors and assigns (collectively, the **"Releasees"** and individually, a **"Releasee"**), from any and all claims, counterclaims, demands or causes of action of any kind, nature or description, whether arising in law or equity or upon contract or tort or under any state or federal law or otherwise, which Client Releasors had, now have or may have against a Releasee or such other person or entity for or by reason of any act, omission, matter, cause or thing whatsoever arising out of or in connection with the amounts owed under this Agreement or any document or instrument related thereto, from the beginning of time to and including the date of this Agreement whether such claims, counterclaims, demands and causes of action are matured or unmatured, known or unknown, liquidated, fixed or contingent, or direct or indirect.

6.     Continuing Effect. Except as otherwise expressly specified herein, this Agreement does not constitute (x) a waiver, amendment, modification, or deferral of any payment or other obligation of Client under the PSA; (y) a waiver of any default under the PSA; or (z) an agreement to forbear from action as a result of any default under the PSA. Except as expressly modified by this Agreement, all provisions of the PSA are and shall remain in full force and effect.

7.     Notices. Any notice or other communication required, permitted or desirable hereunder, shall be in writing, and shall be deemed sufficiently given if personally delivered, or if sent by certified or registered mail, postage prepaid, return receipt requested, addressed as follows:

If to EHH:

> Health Advocates Network, Inc.
> 1875 NW Corporate Blvd
> Suite 120
> Boca Raton, FL 33431
> Attn: Andrew S. Goldwyn
> Chief Administrative Officer & General Counsel

2

with a copy to:

Greenberg Traurig, LLP
360 North Green Street
Suite 1300
Chicago, IL 60607
Attn: Nancy A. Peterman

If to Client:       Vista Medical Center
                    ATTN: Kimberly Needham CEO
                    1324 N Sheridan Rd.
                    Waukegan, IL 60085

Any party may change its address for purposes of this paragraph by giving the other party written notice of the new address in the manner set forth above. Any notice given in accordance with the above shall be deemed to have been given upon personal delivery if so delivered, upon receipt of confirmation if sent via facsimile transmission, or on the third (3rd) day after mailing if mailed.

    8.    Miscellaneous.

    (a)    This Agreement constitutes the complete agreement and understanding among the parties with respect to the subject matter hereof and the settlement hereof, and supersedes any and all other prior contemporaneous written or oral communications among the parties. The parties agree that there were no inducements or representations leading to the execution of this Agreement, except as contained herein. No other promises or agreements, either expressed or implied, shall be binding unless signed in writing by all parties to the Agreement.

    (b)    The individuals signing this Agreement hereby represent and warrant that they are authorized to sign this Agreement on behalf of the entity for which they have so signed and that all necessary corporate approvals have been obtained.

    (c)    This Agreement shall be binding upon and inure to the benefit of Client, EHH, and their respective successors and assigns.

    (d)    This Agreement shall be governed by the laws of the State of Illinois, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of law principles or any other rule, regulation or principle that would result in the application of any other state's law.

    (e)    The Agreement has been negotiated and drafted by all parties and their representatives. The parties to this Agreement represent and warrant that they have read and understand this Agreement and have consulted with their respective counsel concerning its legal effect. No rule of construction shall apply to this Agreement construing its provisions in favor of or against any party.

    (f)    The recital provisions set forth at the beginning of this Agreement are expressly incorporated into and as terms and conditions of this Agreement.

3

(g)     This Agreement may be executed in counterparts, each of which shall be deemed an original, but both of which together constitute one and the same Agreement. Facsimile signatures shall be deemed original, valid and binding signatures to this Agreement.

(h)     To the extent that any provision of this Agreement may be held to be invalid or legally unenforceable by a court of competent jurisdiction, the parties agree that the remaining provisions of this Agreement shall not be affected and shall be given full force and effect.

[Signature Pages Follow]

4

ACTIVE 706580477v9

**WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, D/B/A VISTA HEALTH SYSTEM, an Illinois limited liability company**

By: _____

Name: _____

Title: _____


**HEALTH ADVOCATES NETWORK, INC., a Florida corporation**

By: _____

Name: Andrew S. Goldwyn

Title: Chief Administrative Officer

5

ACTIVE 706580477v9