**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HEALTH ADVOCATES NETWORK, INC., d/b/a eHospitalHire,<br><br>Plaintiff,<br><br>vs.<br><br>WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA HEALTH SYSTEM,<br><br>Defendant. | Case No. 1:26-cv-07611<br><br>District Judge: Honorable Sunil R. Harjani<br><br>Magistrate Judge: Honorable Gabriel A. Fuentes |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

Plaintiff Health Advocates Network, Inc., d/b/a eHospitalHire ("Plaintiff") and Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Health System ("Defendant" or "Vista"), by their respective counsel, submit this Initial Joint Status Report Under Rule 26(f), and state as follows:

## I. The Nature of the Case

### A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney

*For Plaintiff Health Advocates Network, Inc. d/b/a eHospitalHire:*

Martin S. Kedziora (kedzioram@gtlaw.com)
Rachel Daniels (rachel.daniels@gtlaw.com)
Greenberg Traurig, LLP
360 N. Green Street, Suite 1300
Chicago, IL 60607
Tel: (312) 456-8400

*For Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Health System:*

Michael S. Shapiro (mss@tomlinsonshapiro.com)
Katherine N. Vega (knv@tomlinsonshapiro.com)

Tomlinson & Shapiro, P.C.
5440 N. Cumberland, Ste. 111
Chicago, IL 60656
Tel: (312) 715-8770

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

This is a single-count breach of contract action arising from Defendant's alleged failure to pay for healthcare staffing services provided by Plaintiff. Plaintiff, a healthcare staffing agency, provided healthcare professionals and supplemental staff to Defendant pursuant to a Professional Services Agreement dated September 22, 2023, as amended (the "PSA").

Following Defendant's default under the PSA for failing to timely pay amounts due, the parties entered into a Settlement Agreement on June 30, 2025, pursuant to which Defendant acknowledged that it was in default under the PSA and owed Plaintiff $2,407,701.44 in principal, accrued interest exceeding $350,000, and attorneys' fees. Under the Settlement Agreement, Defendant agreed to pay Plaintiff $2,600,000 in fifty-two equal weekly installments of $50,000.

Defendant allegedly failed to make all required weekly payments. Through the filing of the Complaint, Defendant made only twelve payments totaling $675,000, leaving an unpaid balance of the Settlement Amount of $1,925,000. Plaintiff seeks to recover that unpaid balance, plus interest and late charges which, as of June 29, 2026, totaled $316,245.21 and continue to accrue at the rate of $949.32 per diem, plus attorneys' fees and costs.

No counterclaims or third-party claims have been filed to date.

**C. Briefly identify the major legal and factual issues in the case.**

<u>Plaintiff's position:</u>

There are no material factual or legal issues or disputes. Defendant acknowledged the debt owed to Plaintiff and agreed to a payment plan in the Settlement Agreement. Defendant failed to make the required weekly payments and thereby defaulted. The amount owed is readily ascertainable from the Settlement Agreement and consists of the Settlement Amount less the payments made by Defendant.

<u>Defendant's position</u>:

Defendant is preparing its answer as of the drafting of this report and is still analyzing if there are any affirmative defenses it will file as part of its answer. Defendant has also submitted a new settlement payment plan to Plaintiff.

**D. Relief Sought:**

Plaintiff seeks entry of judgment against Defendant in the amount of $1,925,000, representing the unpaid balance due under the Settlement Agreement, plus accrued interest and/or late charges of $316,245.21 as of June 29, 2026 (continuing to accrue at $949.32 per diem), together with attorneys' fees, expenses, and costs.

## II. Jurisdiction:

### A. Identify all federal statutes on which federal question jurisdiction is based.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a) based on diversity of citizenship. There is no basis for federal question jurisdiction.

### B. Diversity Jurisdiction

1. Amount in Controversy:

   The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks damages of not less than $1,925,000, plus $316,245.21 in accrued interest and late charges (and continuing to accrue), plus attorneys' fees and costs.

2. Identify the state of citizenship of each named party.

   - Plaintiff: Health Advocates Network, Inc. d/b/a eHospitalHire is a Florida corporation with its principal place of business at 1875 NW Corporate Blvd., Suite 120, Boca Raton, FL 33431. Accordingly, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

   - Defendant: Waukegan Illinois Hospital Company, LLC d/b/a Vista Health System is an Illinois limited liability company. The sole member of Defendant is Waukegan Hospital Corporation, an Illinois corporation with its registered principal place of business at 1324 N. Sheridan Rd., Waukegan, IL 60085. Accordingly, Defendant is a citizen of Illinois for purposes of diversity jurisdiction.

   Hence, complete diversity exists between the parties.

## III. Status of Service:

Defendant Vista was served on June 30, 2026. (Dkt. No. 7). Vista is the only defendant named in this action.

## IV. Motions

### A. Briefly describe any pending motions.

There are no pending motions at this time.

**B. State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion:**

Defendant will answer the complaint and will not file a motion directed to the pleadings.

## V. Case Plan

**A. Discovery Plan:** Submit a proposal for a discovery plan, including the following information:

1. General Type of Discovery Needed:

   Plaintiff's position:

   Plaintiff does not anticipate that discovery will be necessary. Defendant acknowledged the debt owed to Plaintiff and agreed to a payment plan in the Settlement Agreement. Defendant failed to make the required weekly payments and thereby defaulted. The parties possess the PSA and the Settlement Agreement, both of which are attached to the Complaint. The amount owed is readily ascertainable from the Settlement Agreement and consists of the Settlement Amount less the payments made by Defendant. Should Defendant assert a defense that places any of these facts at issue, Plaintiff submits that only limited and expedited discovery, if any, would be appropriate.

   Defendant's position:

   Defendant is still analyzing if there are any affirmative defenses applicable in this case. If it determines there are, then discovery will be necessary on those defenses. Defendant is in agreement with the dates stated below for discovery. However, if Defendant determines, prior to September 29, 2026, that it will file affirmative defenses, then it intends to seek leave to modify the discovery schedule below to one with longer, more traditional timing and deadlines.

2. A date for Rule 26(a)(1) Disclosures:

   **September 15, 2026**.

3. Deadline to Amend Pleadings and Join Parties:

   **September 29, 2026**.

4. First Set of Written Discovery Requests:

**September 22, 2026**.

5. A date to issue notices of depositions with agreed upon dates and Rule 45 subpoenas:

   **October 13, 2026**.

6. Fact Discovery Completion Date:

   **November 13, 2026**

7. Expert Discovery:

   The parties do not anticipate that expert discovery will be necessary.

**B. Protective Order:** If the parties determine that a protective order is necessary, the parties will follow the assigned magistrate judge's procedures and the Model Confidentiality Order developed by the Northern District of Illinois.

**C. Electronically Stored Information (ESI):**

Plaintiff's position:

Plaintiff does not anticipate that ESI discovery will be necessary.

Defendant's position:

Defendant does not anticipate that ESI discovery will be necessary, subject to its determination if there will be affirmative defenses filed in this case.

**D. Trial**

1. Jury Trial: Parties have not requested a trial by jury.

2. Probable Length of Trial:

   Plaintiff's position:

   Plaintiff does not anticipate that trial will be necessary. However, should a trial become necessary, Plaintiff anticipates that it could be completed in one day.

   Defendant's position:

Defendant agreed with Plaintiff, subject to its determination if there will be affirmative defenses filed in this case.

## VI. Consent and Settlement Discussions

A. **Magistrate Judge Consent:** Counsel have advised their respective clients of the option to consent to the jurisdiction of the assigned Magistrate Judge. The parties do not consent to proceed before the Magistrate Judge at this time.

B. **Settlement Discussions:** The parties previously engaged in settlement discussions, which resulted in the Settlement Agreement dated June 30, 2025. Since then, the parties have engaged in extensive additional settlement discussions and efforts to resolve Defendant's payment default under the Settlement Agreement, but those efforts have not resulted in a resolution. The parties may seek a settlement conference if they are unable to resolve this dispute without one shortly.

**Other Matters:** State any other matters that should be brought to the Court's attention for scheduling purposes.

None at this time.

Dated: August 27, 2026

Respectfully Submitted,

**PLAINTIFF HEALTH ADVOCATES NETWORK, INC., d/b/a eHospitalHire,**

By: */s/ Martin S. Kedziora*

Martin S. Kedziora
Rachel Daniels
**Greenberg Traurig, LLP**
360 N. Green Street, Suite 1300
Chicago, IL 60607
Tel: (312) 456-8400
kedzioram@gtlaw.com
rachel.daniels@gtlaw.com

**DEFENDANT WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA HEALTH SYSTEM,**

By: */s/ Michael S. Shapiro*

Michael S. Shapiro
Katherine N. Vega
**Tomlinson & Shapiro, P.C.**
5440 N. Cumberland, Ste. 111
Chicago, IL 60656
Tel: (312) 715-8770
mss@tomlinsonshapiro.com
knv@tomlinsonshapiro.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon all counsel of record on August 27, 2026, via the Court's CM/ECF system.

*/s/Rachel Daniels*