**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Health Advocates Network, Inc., d/b/a eHospitalHire,<br><br>Plaintiff,<br><br>v.<br><br>Waukegan Illinois Hospital Company, LLC d/b/a Vista Health System,<br><br>Defendant. | Case No. 26 C 7611<br><br>Judge Sunil R. Harjani |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Health System ("Defendant") hereby answers Plaintiff Health Advocates Network, Inc., d/b/a eHospitalHire's ("Plaintiff") complaint as follows:

**ANSWER**

1. Plaintiff is a Florida corporation with its principal place of business located at 1875 NW Corporate Blvd, Suite 120, Boca Raton, FL 33431. Thus, for purposes of determining diversity jurisdiction in this action, Plaintiff is a citizen of Florida.

**ANSWER: Admitted.**

2. Defendant is an Illinois limited liability company with its registered principal place of business at 505 N. Brand Blvd., Suite 1200 Glendale, CA 91203, and business operations at 1324 N. Sheridan Rd., Waukegan, IL 60085. The sole member of Vista is Waukegan Hospital Corporation, an Illinois corporation, with its registered principal place of business at 1324 N. Sheridan Rd., Waukegan, IL 60085. Thus, for purposes of determining diversity jurisdiction in this action, Defendant is a citizen of Illinois.

**ANSWER: Admitted.**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**ANSWER: Admitted.**

4. Venue is proper pursuant to 28 U.S.C. § 1391.

**ANSWER: Admitted.**

## FACTUAL BACKGROUND

5. Plaintiff is a staffing agency and recruitment firm specializing in providing temporary and permanent workforce solutions to the healthcare industry.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the allegation of Paragraph 5, which is therefore denied.**

6. Vista is a community medical provider located in Waukegan, Illinois, providing inpatient and outpatient services.

**ANSWER: Admitted.**

7. Plaintiff and Vista entered into a Provisional Solutions Agreement, dated as of September 22, 2023, as amended on July 30, 2024, October 9, 2024, and October 18, 2024 (collectively, the "PSA"). A true and accurate copy of the PSA is attached hereto as **Exhibit A.**

**ANSWER: Admitted.**

8. Pursuant to the PSA, Plaintiff agreed to recruit, qualify and supply to Vista healthcare professionals, including but not limited to, registered nurses, licensed practical nurses, as well as other non-clinical supplemental staff, and Vista agreed to pay Plaintiff fees at hourly rates for work performed by such healthcare professionals.

**ANSWER: Admitted.**

9. The PSA provides that "[i]n the event that any action, suit, or other legal or administrative proceeding is instituted or commenced by either party hereto against the other party arising out of or related to this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and court costs from the non-prevailing party. Ex. A, PSA, §15.

**ANSWER: Admitted.**

10. Defendant failed to timely pay Plaintiff amounts due for services performed under the PSA.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the allegation of Paragraph 10, which is therefore denied, because it is unclear which payments, going back to the beginning of the contract, are alleged to be untimely.**

11. On or about June 30, 2025, Plaintiff and Defendant entered into a written Settlement Agreement ("Settlement Agreement"). A true and accurate copy of the Settlement Agreement is attached hereto as **Exhibit B.**

**ANSWER: Admitted.**

12. In the Settlement Agreement, Vista acknowledged and agreed that (i) Vista was past due in paying amounts due to Plaintiff for services performed under the PSA, (ii) Vista owed Plaintiff the total principal amount of $2,407,701.44 (the "Past Due Amount") for invoices related to services performed under PSA through June 10, 2025 (the "Outstanding Invoices"); and (iii) Vista owed Plaintiff interest on the Past Due Amount in excess of $350,000 through June 10, 2025 (including accrued and accruing interest after June 10, 2025, collectively the "Accrued Interest"). Ex. B, Settlement Agreement at p. 1.

**ANSWER: Admitted.**

13. The Settlement Agreement provides:

> Acknowledgement of Past Due Amount, Accrued Interest and Related Fees and Expenses. Client hereby acknowledges and agrees that the Past Due Amount and Accrued Interest is due and owing to EHH with respect to the Outstanding Invoices. Client also hereby acknowledges and agrees that it is obligated to pay any fees and expenses, including, without limitation, attorneys' fees and expenses incurred to date by EHH with respect to collecting the Past Due Amount, Accrued Interest and negotiating this Agreement, such fees and expenses currently in excess of $50,000. The **"Aggregate Amount Due"** shall be the sum of the Past Due Amount, Accrued Interest, and any fees and expenses (including attorneys' fees and expenses) due in accordance with this Agreement and the PSA.

Ex. B, Settlement Agreement, § 1.

**ANSWER: Admitted.**

14. Pursuant to the Settlement Agreement, among others, Defendant agreed to pay Plaintiff "$2,600,000 (the **'Settlement Amount'**) in fifty-two (52) equal installments of $50,000 beginning on Friday, June 27, 2025 and continuing on each Friday thereafter (or, for any week in which Friday is not a business day, the last business day of such week) (each, a '**Weekly Paydown**') until the Settlement Amount has been paid in full." Ex. B, Settlement Agreement, § 2.

**ANSWER: Denied as to the start date of the payments pursuant to the Settlement Agreement and denied as to among others in that the settlement agreement has not other parties. Otherwise, admitted.**

15. Defendant failed to make all of the Weekly Paydown payments required under the Settlement Agreement.

**ANSWER: Denied, as Defendant made payments under the Settlement Agreement.**

16. Through the date of this Complaint, Defendant has only made the following payments under the Settlement Agreement, totaling $675,000:

| Date | Amount |
|---|---|
| 07/03/2025 | $50,000 |
| 07/11/2025 | $50,000 |
| 07/18/2025 | $50,000 |
| 07/28/2025 | $50,000 |
| 08/04/2025 | $50,000 |
| 08/11/2025 | $50,000 |
| 08/18/2025 | $50,000 |
| 08/25/2025 | $50,000 |
| 11/20/2025 | $50,000 |
| 01/07/2026 | $25,000 |
| 03/02/2026 | $150,000 |
| 04/28/2026 | $50,000 |

**ANSWER: Admitted.**

17. The Settlement Agreement provides that:

> To the extent that [Defendant] fails to timely pay a Weekly Paydown (a "Payment Default"), [Defendant] shall be in immediate default of this Agreement and, without the need for any written notice, [Defendant] shall be obligated to pay to [Plaintiff] the Aggregate Amount Due less any Weekly Paydowns and [Plaintiff] shall be entitled to enforce any and all rights and remedies hereunder, under the PSA and/or applicable law.
>
> Ex B, Settlement Agreement, § 3

**ANSWER: Admitted.**

18. Defendant failed to timely pay Weekly Paydowns, and as a result, Defendant is in default of the Settlement Agreement.

**ANSWER: Paragraph 18 states a legal conclusion to which no answer is required.**

19. On February 20, 2026, Plaintiff, through counsel, sent a Notice of Breach and Demand for Payment ("Demand Letter") to Defendant. A true and accurate copy of the Demand Letter is attached hereto as Exhibit C.

**ANSWER: Admitted.**

20. Defendant has not cured the default and remains in default under the Settlement Agreement and PSA.

**ANSWER: Paragraph 20 states a legal conclusion to which no answer is required.**

## COUNT I

21. Plaintiff incorporates into this cause of action each and every preceding paragraph of this Complaint as though set forth fully herein.

**ANSWER: Defendant incorporates its answer to each and every preceding paragraph as though set forth fully herein.**

22. The PSA constitutes a valid and enforceable contract.

**ANSWER: Paragraph 22 states a legal conclusion to which no answer is required.**

23. The Settlement Agreement constitutes a valid and enforceable contract.

**ANSWER: Paragraph 23 states a legal conclusion to which no answer is required.**

24. Plaintiff has performed all of its obligations under the PSA and Settlement Agreement.

**ANSWER: Paragraph 24 states a legal conclusion to which no answer is required.**

25. Defendant has breached the PSA and Settlement Agreement by failing to make the required payments when due.

**ANSWER: Paragraph 25 states a legal conclusion to which no answer is required.**

26. As a result, Defendant is in immediate default of the Settlement Agreement and PSA, and is obligated to pay Plaintiff the Aggregate Amount Due less any Weekly Paydowns.

**ANSWER: Paragraph 26 states a legal conclusion to which no answer is required.**

27. As of June 29, 2026, the unpaid balance of the Settlement Amount, after the application of $675,000 in payments received as listed in paragraph 16 of this Complaint, is $1,925,000.00.

**ANSWER: Admitted.**

28. The Settlement Agreement provides, in part, that Plaintiff shall be entitled to enforce any and all rights and remedies under the PSA. Ex B, Settlement Agreement, § 3.

**ANSWER: Admitted.**

29. The PSA provides that Vista shall pay late charges on any unpaid balances after 15 days from the date of invoice at the rate of 1.5% per month or the maximum legal rate, whichever is less.

**ANSWER: Admitted.**

30. As of June 29, 2026, interest and/or late charges on unpaid balance under the Settlement Agreement is $316,245.21, and continues to accrue at the rate of $949.32 per diem.

**ANSWER: Admitted.**

31. In addition, Defendant is obligated to pay Plaintiff any fees and expenses, including, without limitation, attorneys' fees and expenses incurred by Plaintiff with respect to collecting the Past Due Amount, Accrued Interest and negotiating the Settlement Agreement, as well as reasonable attorneys' fees and court costs incurred by Plaintiff in this action.

**ANSWER: Paragraph 31 states a legal conclusion to which no answer is required.**

32. As a direct and proximate result of Defendant's breach of the PSA and the Settlement Agreement, Plaintiff has suffered damages in the amount of $1,925,000, plus additional interest and/or late charges on the past due amount in the sum of $316,245.21 which continues to accrue at the per diem rate of $949.32, plus fees and expenses set forth in the preceding paragraph.

**ANSWER: Paragraph 32 states a legal conclusion to which no answer is required.**

Dated: August 27, 2026

Respectfully submitted,

Waukegan Illinois Hospital Company, LLC d/b/a
Vista Health System

By: /s/ Michael S. Shapiro
One of its attorneys

Michael S. Shapiro (No. 6279776)
Katherine N. Vega (No. 6339791)
Tomlinson & Shapiro, P.C.
5440 N. Cumberland Ave., Suite 111
Chicago, IL 60656
Phone: (312) 715-8770
Fax: (866) 625-7089
Email: mss@tomlinsonshapiro.com
knv@tomlinsonshapiro.com

# CERTIFICATE OF SERVICE

I, Michael S. Shapiro, an attorney, hereby certify that on August 27, 2026, I electronically filed the foregoing **Defendant's Answer to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system, which caused a copy of the filing to be served on all attorneys of record.

By: /s/ Michael Shapiro
Michael S. Shapiro